**UNITED STATES, Appellee,**

v.

**David SCHELLYNCK, Defendant,**

*The Honorable Laura Taylor Swain, United States District Court for the Southern District

**Porfirio Rosario, Defendant–Appellant.**

**No. 02–1505.**

United States Court of Appeals, Second Circuit.

July 11, 2003.

Ismael Gonzalez, New York, NY, for Defendant–Appellant.

Susan Corkery, Assistant U.S. Attorney (Peter A. Norling and Katya Jestin, Assistant U.S. Attorneys, of counsel), for Roslynn R. Mauskopf, U.S. Attorney, Eastern District of New York, for Appellee.

Present: B. D. PARKER, Jr., RAGGI, Circuit Judges, and LAURA TAYLOR SWAIN,* District Judge.

**SUMMARY ORDER**

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the

of New York, sitting by designation.

City of New York, on the 11th day of July, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the conviction and sentence of the district court are AFFIRMED.

Defendant-appellant Porfirio Rosario appeals from a judgment of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Judge* ), following his conviction, pursuant to a guilty plea, of conspiracy to distribute and to possess with intent to distribute MDMA, in violation of 21 U.S.C. § 846. On appeal, Rosario argues that (1) his waiver of his right to appeal was not knowing and voluntary and (2) he received ineffective assistance of counsel primarily because his attorney did not seek an 84-day adjournment of his sentencing to take advantage of an expected change in a guideline, U.S.S.G. § 2D1.1(a)(3), that could have reduced his maximum base offense level.

As an initial matter, the Government concedes that Rosario's appeal waiver, as it appeared in his plea agreement, was not knowing and voluntary because there was no discussion of this waiver during the plea proceeding. (Br. of Appellee at 7 n. 3.) With regard to Rosario's claim that his counsel provided ineffective assistance, we generally profess a "baseline aversion to resolving ineffectiveness claims on direct review," *United States v. Williams*, 205 F.3d 23, 35 (2d Cir.2000). As the Supreme Court has recently noted in *Massaro v. United States*, — U.S. —, —, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003), "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance.... The trial record may contain no evidence of alleged errors of omission, much less the reasons underlying them."

We believe that this case would benefit from the further development of the record, consequently we decline to review Rosario's ineffective assistance of counsel claim on direct appeal. *See Williams*, 205 F.3d at 35. Accordingly, we DISMISS the claim without prejudice to Rosario's right to pursue it in a collateral proceeding.